IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DIANA M. WHITLOCK                                                                        PLAINTIFF

           v.                    Civil No. 12-2100

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Diana Whitlock, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed her applications for DIB and SSI on October 23, 2009, alleging a disability onset date of October 1, 2009, due to chronic pain, an annular tear, neuropathic pain, depression, migraines, chronic nausea, vomiting, and bursitis. Tr. 121-127, 153, 179-180, 193, 214-223. Her applications were initially denied and that denial was upheld upon reconsideration. Tr. 33, 37, 42. An administrative hearing was held on September 7, 2010. Tr. 22-62.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At that time, Plaintiff was 37 years old and possessed a high school education and certification as a Licensed Practical Nurse ("LPN"). Tr. 68-72. She had past relevant work ("PRW") experience a nurse and a medical records administrator. Tr. 154, 171-178,.

On December 1, 2010, the ALJ found that Plaintiff's lumbago with radiation to the lower extremities was severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 11-12. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except the claimant can only occasionally reach overhead; can only occasionally climb ramps and stairs; cannot climb ladders, ropes, or scaffolds; must avoid all exposure to extreme heat or cold; and, must avoid all exposure to hazards such as unprotected heights and dangerous moving machinery. Tr. 12-15. With the assistance of a vocational expert, the ALJ found Plaintiff could perform work as a hospital admitting clerk, medical records coder, and receptionist Tr. 16-17.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on April 20, 2012. Tr. 1-4. Subsequently, she filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 11, 13.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

2

## II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a

4

"claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, the evidence reveals that Plaintiff has suffered from neck and back pain since an automobile accident in October 2008. Over the years, she has been treated by several doctors, and her treatment has included physical therapy, epidural steroid injections, and narcotic pain medication. Although Plaintiff is not a candidate for surgical intervention, significant pain, range of motion limitations, bladder leakage, positive straight leg raise tests, radiculopathy, and gait abnormalities have all been documented in the record.

In August 2010, Plaintiff's pain specialist, Dr. George Howell, completed a medical source statement. Tr. 527-531. He diagnosed Plaintiff with degenerative disease of the lumbosacral spine, migraine headaches, and bursitis of the bilateral hips, facets. Treatment records indicate that she has been treated at the Wellness Clinic of Roland for severe stabbing pain in her lower back and both hips and legs since June 2009. Tr. 384-412. She was prescribed a variety of medications to treat her symptoms, including Fentanyl, Lorcet, Oxycodone, Valium, and Lyrica. Dr. Howell opined that Plaintiff could sit, stand, and walk for 15 minutes at a time; sit, stand, and walk each, for a total of 2 hours in an eight hour workday; frequently lift 5 pounds; occasionally lift up to 10 pounds; occasionally carry up to 10 pounds; occasionally bend and reach above the head; and, never squat, crawl, climb, stoop, crouch, and kneel. As objective signs of her pain, Dr. Howell noted joint deformity, muscle spasm, spinal deformity, and the

results of her most recent MRI showing L4-5 level mild disc desiccation, a small central annular tear, and a disc bulge which combined with degenerative facet hypertrophy to cause mild bilateral foraminal narrowing. Tr. 321.. He concluded that her pain was severe and would necessitate unscheduled breaks during an 8 hour work shift, would result in her missing more than four days of work per month, would require her to elevate her legs periodically during the day, and would necessitate a sit/stand option at will. A physical exam conducted in conjunction with his assessment revealed a limited range of motion in the cervical and lumbar spine, bilateral shoulders, bilateral hips, and bilateral ankles; muscle atrophy in the legs, thighs, and calves; and, a decreased bilateral grip strength. Tr. 530. Dr. Howell indicated that Plaintiff could not stand and walk without an assistive device, could not walk on her heel-toes, and could not squat and arise from a squatting position.

Plaintiff continued to seek treatment from Dr. Howell through at least August 2011. Records continue to document pain, pain related sleep disturbance, and muscle spasms. Tr. 569-582. And, Plaintiff continued to receive prescriptions for Oxycodone, Lorcet, Xanax, Topamax, and Lyrica.

At the administrative hearing, Dr. Haley Amusa testified as a medical expert. Tr. 26-37. After reviewing Plaintiff's records, she testified that Plaintiff would be limited to sedentary work, due to pain. Further, Dr. Amusa indicated that Plaintiff would need to periodically change her position to increase her level of comfort; could occasionally use her upper extremities, particularly on her left side, climb stairs, stoop, kneel, crouch, and crawl; and, should be restricted from climbing ropes or scaffolds, overhead reaching, concentrated exposure to cold, heat, and humidity due to her arthritis and degenerative condition. Further, Dr. Amusa opined

6

that it would not be unreasonable for Plaintiff to also find comfort in elevating her feet, and to need unscheduled breaks to alternate her position. Tr. 35-37. And, she noted that some back patients were actually more comfortable standing than sitting, so sitting for long periods could be difficult for her as well.

After reviewing the evidence of record, we find that remand is necessary to allow the ALJ to develop the record further with regard to Plaintiff's ability to perform sedentary work. *Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). Specifically, additional medical evidence is needed to determine Plaintiff's ability to sit for extended periods of time and the frequency of her need to change positions (i.e., sit, stand, and walk).

We also find no provisions in the RFC assessment concerning the limitations imposed by Plaintiff's medications. A quick review of her prescription medication list reveals that she was taking several medications have significant side effects. On remand, the ALJ is also directed to develop the record with regard to medication side effects and the possible limitations they might impose of Plaintiff's concentration and ability to perform work-related tasks. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984) (ALJ must take into consideration the dosage, effectiveness and side of effects of Plaintiff's medications).

Further, although the ALJ concluded that Plaintiff did not suffer from a severe mental impairment, the record indicates that she was prescribed Xanax to treat panic attacks. At current, the record does not bear out symptoms severe enough to warrant this medication, leading the undersigned to question the completeness of the record. Accordingly, on remand, we believe that

the ALJ should recontact Plaintiff's treating doctors to determine why such a strong anti-anxiety medication was prescribed.

V. **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of June 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)